**WILLIAM F. ABBOTT #121285**
**211 Gough Street, Suite 201**
**San Francisco, CA 94102**
**Telephone: (415) 863-9337**
**Facsimile: (415) 8663-9318**
**E-Mail: billabbott@earthlink.net**

**Attorney for Plaintiffs**

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **ANTHONY MALFATTI and CASA D'ORO MINISTRIES,** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> **v.** ) <br> ) <br> **SPECIALIZED LOAN SERVICING** ) <br> **LLC; HSBC BANK USA, as Trustee** ) <br> **for the Holders of the Deutsche Alt-A** ) <br> **Securities, Inc. Mortgage Loan Pass** ) <br> **Through Certificates 2007-OA4 and** ) <br> **MORTGAGE ELECTRONIC** ) <br> **REGISTRATION SYSTEMS, INC,** ) <br> ) <br> **Defendants.** ) <br> ) | **CASE NO. 3:13-cv-00287 LB** <br><br> **MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT** <br><br> **DATE:       October 17, 2013** <br> **TIME:        9:30 a.m.** <br> **                  Courtroom C, 15th Floor** |

**PLAINTIFFS' MEMORANDUM OF POINTS & AUTHORITIES**
**IN OPPOSITION TO  DEFENDANTS SPECIALIZED LOAN SERVICING LLC'S**
**MOTION TO DISMISS FIRST AMENDED COMPLAINT**

**DATE:       October 17, 2013**
**TIME:        9:30 a.m.**
**PLACE:     Courtroom C, 15th Floor**
**                   450 Golden Gate Avenue**
**                   San Francisco, CA**

**I.**

**INTRODUCTION**

On January 21, 2013, Plaintiffs filed a Verified Plaintiff for Injunctive Relief against

Specialized Loan Servicing, LLC ("Specialized") [Docket#1].  On July 26, 2013, Specialized

*Mallfatti et.al. v. Specialized Loan Servicing LLC, et.al.*, Case No. 1:12-CV-1434 ASI SMS
**MEMORANDUM IN OPPOSITION TO MOTIONS TO DISMISS FIRST AMENDED COMPLAINT**

1

1  filed a Motion To Dismiss the Complaint for Failure To State a Claim [Docket #11].

2      On August 8, 2013, Plaintiffs filed their First Amended Complaint, adding additional

3  defendants HSBC BANK USA, as Trustee  for the Holders of the Deutsche Alt-A Securities, Inc.

4  Mortgage Loan Pass Through Certificates 2007-OA4 ("HSBC") and  MORTGAGE

5  ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS")[Docket#15].  On August 23,

6  2013, Defendant Specialized moved to dismiss the First Amended Complaint for failure to state a

7  claim.  Plaintiffs hereby oppose this Motion..

8                                                        **II.**

9                                   **STATEMENT OF FACTS**

10     The facts are set forth in detail in the First Amended Complaint and its Exhibits.

11                                                      **III.**

12                 **THE MOTION TO DISMISS SHOULD BE DENIED**

13     **A.      *Plaintiff s Have Standing To Assert Their Claims***

14                 ***for Wrongful Foreclosure and Quiet Title.***

15     California Civil Code §2924, *et. seq.* sets forth the procedure for foreclosing on security

16  by a trustee's sale pursuant to a deed of trust.  *Miller v. Cote*, 127 Cal.App.3rd 888, 894, 179

17  Cal.Rptr. 753, 756-757 (1982).  These statutory requirements must be strictly complied with, and

18  a trustee's sale based on a statutorily deficient notice of default is invalid.  *Id.*

19     A borrower who believes that the foreclosing entity lacks standing to do so can seek to

20  enjoin the trustee's sale.  *Robinson v. Countrywide Home Loans* 199 Cal.App.4th 42, 46, n.5,

21  130 Cal.Rptr.3d 811, 814 (2011) (*citing* Bernhardt, et. al., *California Mortgages, Deed of Trust*

22  *and Foreclosure Litigation* CEB 4th Ed. 2011 §§ 7.23-7.31, pp. 538.2-538.11).   Furthermore, the

23  Deed of Trust contains Non-Uniform Covenant 22, which provides that if the lender asserts that

24  the borrower has breached the deed of trust, the lender must notify the borrower that he has the

25  **right** to assert the non-existence of a default **or any other defense of the borrower to**

26  **acceleration or sale**.  Based on this language, Plaintiff clearly has standing to challenge the sale.

27     A pivotal issue in ths case, and similar cases, is whether the foreclosure process was

28  initiated by the proper entity.  *Castro v. Executive Trustee Services, LLC,* U.S. Dist. Lexis 14134

*Mallfatti et.al. v. Specialized Loan Servicing LLC, et.al.*, Case No. 1:12-CV-1434 ASI SMS
**MEMORANDUM IN OPPOSITION TO MOTIONS TO DISMISS FIRST AMENDED COMPLAINT**

2

1  (D. Ariz. Feb. 23, 2009) (foreclosing party was not the holder of the note); *Ohlendorf v.*

2  *American Home Mortgage Servicing,* 279 F.R.D. 575 (E.D. Cal. 2010) (*recordation of*

3  *assignments with backdated effective dates may taint the notice of default*).  As a matter of law,

4  only the secured real party of interest can move forward with the foreclosure action on the

5  Plaintiff's mortgage loan.

6      Plaintiff's legal theory has been adopted by a number of courts which have recently

7  recognized the existence of a valid cause of action for wrongful foreclosure when the plaintiff

8  alleges that a party who is not the true beneficiary of the deed of trust has instructed a trustee to

9  file a Notice of Default and initiate foreclosure proceedings.  One of the most prominent of these

10 is the Massachusetts Supreme Judicial Court's holding that, when an alleged mortgage holder

11 who was not the original lender wants to foreclose, the foreclosing party could be required to

12 show that they were both the holder of the note and the proper assignee of the mortgage. *U..S.*

13 *Bank National Association v. Ibanez*, 438 Mass. 637, 647-651, 941 N.E.2d 40, 50-52 (2011).

14     One recent decision which upholds this type of claim in California is *Barrinuevo v, Chase*

15 *Bank*, 2012 WL 3235953 (N.D. Cal. Aug. 6, 2012).  In denying the Defendants' Motion To

16 Dismiss, *Barrinuevo* cites a number of federal District Court cases in various California Districts

17 which recognize the validity of the type of claim which Plaintiff pursues herein.  *Barrinuevo*

18 states as follows:

19     Several courts have recognized the existence of a valid cause of action for wrongful

20     foreclosure where a party alleged not to be the true beneficiary instructs a trustee to file a

21     Notice of Default and initiate a wrongful foreclosure. For example, the court in *Sacchi v.*

22     *Mortgage Electronic Registration Systems, Inc.,* 2011 WL 2533029 at 9-10 (C.D. Cal.

23     June 24, 2011), upheld a plaintiff's wrongful foreclosure claim against an entity alleged

24     to have 'no beneficial interest in the deed of trust when it acted to foreclose on Plaintiff's

25     home'.  There, the court expressed dismay when confronted with counsel's arguments

26     suggesting that 'someone ... can seek and obtain foreclosure regardless of whether he has

27     established the authority to do so.  The court asked, if defendants' argument theat 'the

28     recording and execution date is inconsequential and in no way connotes that the DOT's

*Mallfatti et.al. v. Specialized Loan Servicing LLC, et.al.*, Case No. 1:12-CV-1434 ASI SMS
MEMORANDUM IN OPPOSITION TO MOTIONS TO DISMISS FIRST AMENDED COMPLAINT

3

1   beneficial interest was transferred at the precise time' was accepted, 'how is one to

2   determine whether (and when) the purported assignment was consummated? How could

3   one ever confirm whether the entity seeking to throw a homeowner out of his residence

4   had the legal authority to do so?

5   *Barrinuevo* at pg. 11.

6   *Barrinuevo* cites three additional cases by United States District Court Judges in

7   California which supports its holding. In *Javaheri v. JP Morgan Chase Bank N.A.*, 2011 WL

8   2173786 at 5-6 (C.D. Cal. June 2, 2011), the District Court Judge affirmed the validity of a claim

9   that the note (and therefore the deed of trust) had been sold by the foreclosing bank's predecessor

10  in interest before the transfer of the predecessor's assets to JP Morgan Chase. The same District

11  Judge made a similar ruling in *Javaheri v. JP Morgan Chase Bank N.A.*, No. 2:11-CV-10072-

12  ODW (C.D. Cal. March 27, 2012), involving the same borrower and foreclosing bank, but

13  another piece of real property.

14  In *Ohlendorf v. American Home Mortgage Servicing*, 279 F.R.D. 575, 581 (E.D. Cal.)

15  The Court held that the plaintiff homeowner had a valid claim for wrongful foreclosure based on

16  the argument that the defendants were not the proper beneficiaries of the deed of trust and

17  therefore the proper parties to foreclose.

18  In another similar case, the District Court for the Southern District of California the court

19  granted a preliminary injunction in a foreclosure case, concluding "[p]laintiff is likely to succeed

20  on the merits of his claim that neither [defendant] had authority to initiate the foreclosure sale

21  when the Notice of Default was entered." *Castillo v. Skoba*, 2010 WL 39886953 at 2 (S.D. Cal.

22  Oct. 8, 2010). The cases cited include decisions from United States District Court Judges in all

23  four California Districts.

24  The most recent, and most important case to recognize a borrower's standing to assert

25  irregularities in the securitization process is *Glaski v. Bank of America*, Cal. Ct. App., 5th Dist.,

26  July 31, 2013. This is the first California appellate case to address the issue. Specialized asserts

27  that this case should be ignored in favor of the opinions of various District Court Judges cited or

28  referred to in its MP&A. However, in light of the fact that his case is governed by California

*Mallfatti et.al. v. Specialized Loan Servicing LLC, et.al.*, Case No. 1:12-CV-1434 ASI SMS
**MEMORANDUM IN OPPOSITION TO MOTIONS TO DISMISS FIRST AMENDED COMPLAINT**

4

1   law, and that the numerous district court cases cited herein agree with *Glaski*, its holding that a

2   borrower asserting irregularities in the securitization process has standing to have his claims

3   heard should be followed by this Court.

4       The above-cited cases, including *Glaski* and the acceptance of the theory by the

5   Massachusetts Supreme Court and the courts of New York (*See Bank of New York v. Stephen*

6   *Silverberg*, 926 N.Y.S.2d 532, 537 (2011), indicates that this is not an untried, novel theory, but a

7   solid legal position which dictates that the foreclosure be restrained if the foreclosing party

8   cannot prove that the securitization process was free from irregularities.

9       **B.      Paragraph 26 of the First Amended Complaint Does Not Bar**

10             **Plaintiffs' Claims.**

11       Specialized asserts (Defendant's MP&A, 6:11-23) that Paragraph 26 of the First

12   Amended Complaint is an admission that the mortgage was properly transferred to the Trust

13   before the closing date constitutes an admission that Plaintiffs have no valid claim.  Plaintiffs

14   position is that a fair reading of the First Amended Complaint in its entirety shows that Plaintiffs'

15   actual position is that, although an attempt was made to transfer the mortgage to the Trust, the

16   transfer was not accomplished in a timely manner, and that therefore the deed of trust cannot be

17   enforced by the Trust.  Therefore, Paragraph 26 provides no support for the dismissal of

18   Plaintiffs' claims.

19       **C.      The Involvement of MERS Dos Not Immunize the Trust**

20             **From the Requirements of New York Law.**

21       Specialized also contends (Defendant's MP&A 5:21-6:10) that the involvement of MERS

22   in the transaction means that the deed of trust can be transferred to the Trust at any time,

23   notwithstanding the strict timing requirements of New York law.  There is scant legal authority

24   presented for this proposition, and the Court should reject it.  Whatever the reason theat MERS

25   was created by the major banks (most likely as a vehicle for preventing borrowers from

26   determining who actually holds their notes), the broad claim that MERS is exempt from the

27   requirements of New York trust law is specious at best.

28   ///

*Mallfatti et.al. v. Specialized Loan Servicing LLC, et.al.*, **Case No. 1:12-CV-1434 ASI SMS**
**MEMORANDUM IN OPPOSITION TO MOTIONS TO DISMISS FIRST AMENDED COMPLAINT**

5

1
2

**D.      *The First Cause of Action Is Not Premature Because the Specialized's Actions Are Required By California Law Before a Notice of Default Can Be Recorded.***

3      The Motion to Dismiss (*See* Defendant's MP&A, 7:1-9:3) asserts that the action in
4 premature because no foreclosure has been started.  Given the state of California foreclosure law
5 after amendments to the Civil Code by the 2012 Legislative Session, this position is not viable.

6      In response to the current tidal wave of mortgage foreclosures, California has enacted a
7 comprehensive set of requirements to ensure that homeowners have every chance to avoid
8 foreclosure.  *Stats, 2012 c. 86, 87.*  In relation to this case, the most important part of this
9 legislation is Civil Code 2923.5, which prohibits the filing of a Notice of Default pursuant to
10 Civil Code Section 2924 until thirty days after certain notices are given to the homeowner.

11      The restrictions of Civil Code Section 2923.5 apply to a loan servicer such as Specialized.
12 The notices require by this statute are surprisingly similar to the information contained in the
13 Notice of Default alleged in paragraph ___ of the First Amended Complaint.  When the Notice is
14 reviewed in light of the statutory requirements, it is clear that the mailing of the Notice of Default
15 by Specialized was the first step in the foreclosure process, and that Plaintiffs can state a cause of
16 action to stop the foreclosure.

17
18

**E.      *The Cause of Action To Quiet Title States a Viable Claim Under California Law Even If Specialized Denies  Holding an Adverse Claim..***

19      Specialized asserts that Malfatti cannot state a claim for Quiet Title because Specialized
20 recognizes that Casa D'Oro Ministries is the owner of the Property.  This position ignores the
21 actual point of contention between the parties, i.e., that Specialized contends that Casa's title to
22 the Property is subject to the lien of the Deed of Trust, while Plaintiffs contend that it is not.

23      Quiet Title actions are governed by California Code of Civil Procedure Sections 760.010
24 through 765.  An action for quiet title can be commenced to establish title against adverse claim
25 to real property or any interest therein. Code Civ. Proc. §760.020(a).  The term "claim" includes
26 a lien or a cloud upon title.  Code Civ. Proc. §760.010(a).

27      The First Amended Complaint states the existence of the deed of trust as a cloud on title
28 and Plaintiff's assertion of the reasons that the lien is not valid.  It is long settled law in

*Mallfatti et.al. v. Specialized Loan Servicing LLC, et.al.*, **Case No. 1:12-CV-1434 ASI SMS**
**MEMORANDUM IN OPPOSITION TO MOTIONS TO DISMISS FIRST AMENDED COMPLAINT**

6

1   California that a quiet title action is available to a plaintiff even if the defendant denies that he

2   has ever made any such adverse claim.  *See, Bulwer Consolidated Mining Co. v. Standard*

3   *Consolidated Mining Co.*  83 Cal. 589, 608-609 (1890).  The Second Cause of Action states a

4   claim for relief under California quiet title law.

5         *F.    The Third Cause of Action Should Not Be Dismissed.*

6         Defendant's position in regard to the Third Cause of Action appears to be that, even if the

7   Deed of Trust was the subject of a transfer which was *void* under New York law, it is still a fully

8   valid and enforceable instrument.  This position is both nonsensical and unsupported by any legal

9   authority, and should therefore be rejected by the Court.  If the holder of the Note cannot become

10  the beneficiary of the Deed of Trust because any attempt to transfer the Deed of Trust is void,

11  then the Deed of Trust cannot be enforced, and should therefore be cancelled.

12        *G.    The Fourth Cause of Action is Viable.*

13        Defendant Specialized attacks the fourth cause of action for declaratory relief on the

14  grounds that there is no "case or controversy" which can be subject to declaratory relief.  This

15  position is also not supported by any legal authority.  In light of the real case or controversy"

16  which exists between the parties, this position must also be rejected.

17                    **V.**

18                **CONCLUSION**

19        Plaintiff has a high likelihood of prevailing on his claim that, since the Assignment of

20  Deed of Trust was recorded years after the closing date of the Trust, the Assignment was void,

21  and this rendered invalid any subsequent attempt to complete a foreclosure based on the

22  Assignment.   Furthermore, Plaintiffs are entitled to proceed to discovery to uncover if the Note

23  was properly endorsed and transferred to the Trust prior to the closing date of the Trust. Plaintiffs

24  have standing to assert these claims.

25        The Motion To Dismiss the First Amended Complaint must be denied

26  Date: September 22, 2013                  Respectfully Submitted;

27                       */s/ William F. Abbott*
                             William F. Abbott

28                               Attorney for Plaintiffs

*Mallfatti et.al. v. Specialized Loan Servicing LLC, et.al.*, Case No. 1:12-CV-1434 ASI SMS
**MEMORANDUM IN OPPOSITION TO MOTIONS TO DISMISS FIRST AMENDED COMPLAINT**

7

**CERTIFICATE OF SERVICE**

1

2    I, WILLIAM F. ABBOTT, declare as follows:

3    I am an attorney at law duly admitted to practice before the United States District Court

4    for the Northen District of California, am an active  member of the State Bar of California, and

5    am attorney of record herein for Plaintiffs.  On September 22, 1013, I served copies of the

6    following documents: OPPOSITION TO MOTION TO DISMISS FIRST AMENDED

7    COMPLAINT to the following:

8    Ronald Arlas
     Wright, Finlay & Zak, LLP
9    907 Sir Francis Drake Boulevard
     Kentfield, CA 94907
10   <rarlas@wrightlegal.net>
     Attorney for Defendants HSBC BANK USA and SPECIALIZED LOAN SERVICING, LLC
11

12   I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed

13   by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.Proc

14   5(b)(2)(E).  A Notice of Electronic Filing is generated automatically by the ECF system upon

15   completion of an electronic filing.

16   I declare under penalty of perjury under the laws of the United States of America that the

17   foregoing is true and correct and that this Declaration was executed at San Francisco, California

18   on September 22, 2013.

19                                        */s/ William F. Abbott*
                                          WILLIAM F. ABBOTT

20

21

22

23

24

25

26

27

28